Your Honor, I'm a little bit confused because I'm not really used to saying this, but I think we lose, at least under this Court's precedent. These 922G1 challenges have been raised prior. In the first Jackson case, this Court rejected both an as-applied and a facial attack on the 922G1. And Rahimi vacated that and remanded it. And then in Jackson 2, this Court again found that there are no facial or as-applied attacks on 922G. And is Mr. Anderson asserting an as-applied challenge on appeal? Yes, Your Honor. Is there anything in the record showing that Mr. Anderson remains a danger to the public? Well, I don't know about anything. Well, let me ask this. As I understand it, the predicate felony here was a conviction for a fist fight when he was 19 years old. How old is he now? I believe he's in his 40s. I think upper 30s or young 40s. So I don't know his age. But it was quite a long time ago, Your Honor. And that's part of our point. And I think And there was no determination made by the district court that he remains a danger to the public for all these years? Correct. And that was why I filed the 28J letter with the Sixth Circuit case of Williams. And that does get into the importance of finding of dangerousness. It addresses how different categories of felonies can be viewed differently. Like there's serious felonies like murders and rapes. And then there's lesser felonies, I guess you'd say, at least is indicative of violence, like maybe possession of a controlled substance. Then you have completely nonviolent felonies such as maybe income tax evasion. And so, yeah, I mean, our argument is essentially that Jackson takes it too far to basically have a categorically say you can't ever have an as-applied attack on 922G1. And, in fact, I think if I read Williams correctly, I think it pretty much says that there's always an as-applied attack. Just there would be probably a very bad argument if he's got a horrible background, but that a defendant would always at least have the ability to go in and try and establish that he's no longer violent. But for this case, as you said, it was an aggravated assault, but it did not involve weapons. Looking at the record, it looks like it was just fists and feet, so there are no and this is just not the type of offense that has a historical analog where back in the common law or early days that this would result in disarmament, let alone permanent disarmament. So I don't know if this court has the ability to overturn other panels. We do not. So I was anticipating we filed this to simply preserve the issue, and I think we made that clear in our briefs. Even back in the district court, that's been the intent. And I think ultimately the Supreme Court's just going to have to resolve this one way or the other because Williams is completely contrary to Jackson, and courts are obviously taking diverse views on how to approach this. The resolution will be in fewer than seven opinions. Yes. We're breaking it down. We can have some guidance. Yes. So I'm happy to answer questions, but I'm not really sure since this court doesn't have the authority to grant us relief. I'm not really sure what to even ask for. But yeah, ultimately that will be our position, is something along the lines of Williams. And even that's in flux, because as Your Honors probably know, from when the initial brief was written, most of those cases like Jackson 1 were vacated, and some of them, if not all of them were. Well, there's a pending petition for re-hearing in Bank in a couple of these cases, which, if granted, could be. Yes. You've preserved the ability to benefit from that. Yes. And if anticipated we're to lose and file a petition for re-hearing, well, I'll be able to brief the issues a little more thoroughly. But if there are no more questions, okay. Thank you. May it please the Court, Counsel, I'm Kevin Colliner with the U.S. Attorney's Office, here asking this conviction to be affirmed. Double-header for you two. Yes. Maybe more. The saying that comes to my mind is, that's why I don't play two shows a night anymore. I don't know that we need to . . . there's not much to . . . There's not much to say. A colloquy with this panel, I don't know that it would matter much. Right. This morning, at least. Judge Grass, I did want to answer some of the questions that you asked. He's 36 years old today, turned 36 earlier this month. He does have a criminal history aside from that one conviction. He had a resisting arrest at age 24. There was a dismissed domestic violence that resulted in disorderly conduct at age 30. He has pending state drug charges, pending flight from an officer, an attempt to flee, two state charges that were pending at the time of sentencing. He also has a raft of dismissed charges that are listed in the pre-sentence report, including simple assault, ag assault. The only predicate of felony for purposes of his disqualification to own a firearm was a fist fight when he was 19. Isn't that right? Well, that's correct. Depending on how those state drug charges roll out, but at the time of this sentencing, those were pending. So, just to answer your question, those appear in the PSR. So, with that, I'll take my seat. Thank you very much. Thank you, counsel. Well, you effectively preserved the issue and did what we can do today. Yeah, I don't have much to say in rebuttal, Your Honor. I don't even really have a conclusion because I don't know what to ask for. But hopefully, ultimately, this does get embarked, because we do believe that it is the dangerousness of the felon that should be the pertinent analysis. Thank you. Thank you, counsel. We will take it under advisement for reasons discussed.